332 So.2d 767 (1976)
STATE of Louisiana, Appellee,
v.
William Wayne MESHELL, Appellant.
No. 57287.
Supreme Court of Louisiana.
May 17, 1976.
Rehearing Denied June 18, 1976.
*768 James B. O'Neill, Zwolle, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James Lynn Davis, Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Meshell was convicted of aggravated battery. La.R.S. 14:34, and sentenced to seven years at hard labor. Upon his appeal, we find merit in his Assignment of Error No. 2, and therefore reverse.
Assignment of Error No. 2:
The offense charged is that Meshell, age 22, beat his three-month-old baby with a strap. The defense did not deny that the child was beaten; the defense was that Meshell's wife, not he, had beaten the child.
The wife testified that her husband had beaten the child and that, on the morning afterwards, she had called the law-enforcement authorities. The incident was reported to the department of welfare, and two welfare workers went to her home and observed the bruises on the beaten child.
The reversible error occurred during the examination of Mrs. Marilyn Fullerton, director of the local department of welfare. She testified, first, to receiving the wife's complaint and of assigning welfare workers to go to the home, as well as of her own observations of the child's bruises when it was brought to town.
After describing the mother's complaints to her of the beatings, she was asked by the prosecutor: "Mrs. Fullerton, have you had previous complaints as to this home? Have you received previous complaints?" The defendant at once objected, and the objection was sustained. No motion for mistrial was made at this time.
Mrs. Fullerton, in reply to the next four questions, described again the child's bruises and of her action in instructing a welfare worker to take pictures of the child, which had been introduced in evidence.
The prosecutor then asked here: "Do you have in our files any evidence similar to these very facts that you have testified to and have heard testified to here today which would lead you to believe that the same thing had occurred in that family before?"
The defendant once again objected, and the objection was once more sustained. The trial court retired the jury, and it instructed the prosecutor that evidence of other offenses was not admissible.[1]
The defense counsel moved for a mistrial, pointing out that the prosecutor's questions were intended to make the jury believe that there was a welfare file full of evidence of similar offense.[2] The trial court denied the motion for mistrial, which pointed out that it had sustained the objections to the questions.
*769 Nevertheless, while we commend the trial court for its prompt action in sustaining the objections and in attempting to prevent further prejudice, a mistrial is mandatorily required by statute because of the prosecutor's comments by way of question
to inadmissible evidence of offenses other than that for which the defendant is on trial.
La.C.Cr.P. art. 770 provides: "Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the . . . district attorney . . ., during the trial or argument, refers directly or indirectly to: . . . (2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible .... An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial." (Italics ours.)
Thus, in the legislative judgment, a comment by the prosecutor as to inadmissible evidence of the present nature is regarded to be so irreparably prejudicial to an accused as to require a mistrial. Mere admonition or sustaining an objection does not cure the prejudice. The courts are bound by and must enforce this legislative mandate.
Even before this statutory requirement, this court held a prosecutor could not by mere questions bring to the jury's attention notice of other alleged offenses inadmissible in evidence, and that the trial court's sustaining the objections did not cure the prejudice or prosecutorial error in this regard. State v. Frazier, 165 La. 758, 116 So. 176 (1928). In reversing the conviction, we stated, 165 La. 765, 116 So. 178: "It is a grave injustice for a district attorney to propound improper questions, containing prejudicial suggestions or insinuations, without serious intention of having the questions answered, but for the purpose of having the questions make their unfavorable impression and have their prejudicial effect upon the mind of the jury."
Thus, a prosecutor may not refer before the jury to the prejudicial and inadmissible information prohibited by Article 770, yet avoid the mistrial required by that code article by couching his remark or comment in the form of a question. See also American Bar Association Standards for Criminal Justice Relating to the Prosecution Function (1971), Standard 5.6(b): "It is unprofessional conduct for a prosecutor knowingly and for the purpose of bringing inadmissible matter to the attention of the judge or jury to offer inadmissible evidence, ask legally objectionable questions, or make other impermissible comments or arguments in the presence of the judge or jury."
The state urges that, in this instance, the questions did not refer directly to the defendant's beating the child, but only as to whether the witness's file contained evidence of similar complaints of childbeating at that address. In the context of the questions, however, where all the previous evidence of the trial was that the wife complained to welfare workers and others that the husband had beaten the child (as she herself had previously testified), the inescapable intent and effect of the questions was to imply that the welfare department had received similar complaints in the past that this husband-defendant had beaten his child.
Under Article 770, even indirect reference to such alleged other offenses is impermissible and mandatorily requires mistrial. The conviction must therefore be reversed.

Decree
Accordingly, we reverse the conviction and sentence, and we remand this case for a new trial in accordance with law.
REVERSED AND REMANDED FOR A NEW TRIAL.
SANDERS, C.J., and SUMMERS and MARCUS, JJ., dissent.
NOTES
[1] Although evidence of other crimes may be admissible, if the predicate required by our jurisprudence is laid, to prove knowledge, intent, or system, La.R.S. 15:445, 446, the state does not contend even now that this trial court ruling was erroneous or that knowledge, intent, or system was an issue in the case.
[2] We do not mean to imply that the welfare department had received other complaints of child-beating. Other than the questions, there is no intimation of any prior incident resulting in a complaint of a beating of the three-month-old baby.