569 So.2d 135 (1990)
STATE of Louisiana
v.
Paul C. JAMES.
No. KA 89 1601.
Court of Appeal of Louisiana, First Circuit.
October 16, 1990.
*136 William R. Campbell, Jr., New Orleans, for appellee.
John J. Williams, Jr., Asst. Dist. Atty., James H. Looney, Office of Indigent Defender, Covington, for appellant.
Before COVINGTON, C.J., and LANIER and ALFORD, JJ.
ALFORD, Judge.
Paul C. James was charged by bill of information with possession of cocaine, a violation of La.R.S. 40:967 C. Defendant pled not guilty, and, after a trial by jury, was found guilty as charged. Defendant was subsequently sentenced to serve eighteen months at hard labor. Defendant appeals, alleging that the trial court erred in allowing the state to cross-examine him as to prior bad acts, namely previous cocaine usage.[1]
Defendant was arrested in Covington, Louisiana, on May 8, 1988, when a deputy from the St. Tammany Parish Sheriff's Office observed him drop a small piece of white paper upon the deputy's approach. Upon further investigation, the paper was found to contain cocaine.
Defendant took the stand at trial and claimed that he was not in possession of cocaine on the night in question. He stated that he lived near the location of his arrest. Defendant claims that on the night in question he heard a disturbance and went outside. He then began talking to some female passers-by when a police officer approached in a marked unit. The officer began to ask him questions, then searched him and the immediate surrounding area. Defendant claims that approximately five minutes after the search began one of the officers hollered "Bingo," indicating that he had found a controlled dangerous substance which the officers believed to belong to defendant.
While being cross-examined by the prosecutor, defendant was asked: "Do you use cocaine or have you ever used cocaine?" Defense counsel objected to this line of questioning, and his objection was initially sustained. The prosecutor argued, however, that when a defendant takes the stand he subjects the entirety of his character to cross-examination by the state. The prosecutor further argued that, if a defendant is on trial for drug charges, the question of whether or not he is a drug user goes to his credibility as a witness and has nothing to do with whether or not he has committed prior crimes. At this point, the trial court called a bench conference and then stated:
I think that the Court believes that the context in which the question is offered is going to be allowed. I am going to overrule the objection and I'm going to instruct the jury that this question only goes to the truth and veracity and credibility of this witness and is not to be considered in any other context. He's only on trial for one, for one alleged crime here and it cannot be considered in *137 connection with anything else, except his truth and veracity in this case, and so admonish the jury to only so consider the question and whatever the answer may be.
After this ruling, defense counsel reurged his prior objection. Defendant was asked again whether or not he had used cocaine before; and he answered: "I might have tried cocaine before." Defense counsel objected again and also moved for a mistrial, both of which were denied by the trial court.
In his brief to this Court, defendant contends that the prosecutor overstated his case when he asserted that a defendant who puts himself on the stand subjects the entirety of his character to cross-examination by the state. He further asserts that a defendant's character may be raised only by the accused (which he claims was not done herein) and only then may the state use evidence of a defendant's character solely to rebut the issues raised by defendant. Defendant grants the proposition that an accused, as any other witness, is subject to impeachment on cross-examination; however, defendant contends that he was not subject to cross-examination based on any prior convictions, because he had no prior convictions. Moreover, defendant submits that particular acts, vices, or courses of conduct of a witness may not be inquired into for the purpose of attacking his character for truthfulness, other than a conviction for a crime.
The state, on the other hand, argues to this Court that, since defendant claimed at trial that he was not in possession of cocaine at the time he was arrested, the prosecution's attempt to impeach his credibility with the question of whether or not he was a drug user was permissible. The state further argues that the trial court limited the above line of questioning and sufficiently admonished the jury that such questioning was for the limited purpose of determining the defendant's credibility as a witness. Therefore, it submits that the limited purpose for which the question was allowed should not constitute the basis upon which defendant's conviction is overturned.
For the following reasons, we disagree. First, as defendant submits in his brief to this Court, he did not raise the issue of his character; therefore, it was not properly before the jury while he was being cross-examined by the state. See La.C.E. art. 404 A. (1).[2] Next, the credibility of a witness may be attacked by any party; and, in doing so, such party may examine the witness concerning any matter having a reasonable tendency to disprove the truthfulness or accuracy of his testimony. Nevertheless, particular acts, vices or courses of conduct of the witness may not be inquired into or proved by extrinsic evidence for the purpose of attacking his character for truthfulness, other than conviction of a crime as provided by La.C.E. art. 609.1. See La.C.E. arts. 607 A. and C. and 608 B.[3]
*138 La.C.E. art. 609.1 states, in pertinent part, as follows:
In a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions....
Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal.[[4]]
Moreover, we do not feel that the prosecutor's questioning of defendant as to his possible prior usage of cocaine was harmless error, pursuant to La.C.Cr.P. art. 921. Such questioning would constitute grounds for a mistrial. See La.C.Cr.P. art. 770(2) and State v. Meshell, 332 So.2d 767 (La. 1976). Further, during the rebuttal portion of his closing remarks to the jury, the prosecutor asserted the following arguments:
Now the part about him being truthful, because let's, let's remember now when Mr. James was on the stand. You got to look at his face. What was the thing that happened when I asked him, the first question I asked, "Were you addicted to cocaine?" Do you remember the period of silence during that time when he had no response and then his attorney objected and then the judge rules. Do you remember the look on his face at that time, the sort of sad look in his eyes? And what was his response to the question? What was his specific response to the question, "Are you a cocaine user"? Well, if you're not addicted, are you a user? He said, "I may have tried it." Does that sound like somebody that's trying to be truthful or the denial of a person who is a substance abuser? Is that somebody who's trying to be completely candid with this, with you? ... Does that make as much sense to you as somebody who says, "I may have tried it"? ... A man who may have tried cocaine. How could he may have tried cocaine? How could you have maybe done it? Is that a truthful person? I submit to you that sadly, sadly, I look at this man and I think he is an addict. I think that it sounds like the denial that addicts have....
Although the thrust of the prosecutor's comments were intended to attack defendant's veracity, nevertheless, the inadmissible evidence of the alleged prior bad acts by defendant were bandied about in front of the jury in such a manner that there is a distinct possibility defendant herein was found guilty as charged simply because the jury thought he was a "bad man."
Thus, we find that the trial court erred by allowing the state to cross-examine defendant concerning prior bad acts which he may have committed. Accordingly, defendant's conviction is reversed and the case is remanded to the trial court for further proceedings consistent with our opinion herein.
CONVICTION AND SENTENCE REVERSED; REMANDED TO TRIAL COURT FOR FURTHER PROCEEDINGS.
LANIER, J., concurs in the result.
NOTES
[1] This alleged error was defendant's sole assignment of error; however, in his brief to this Court, defendant argues that the trial court also erred by failing to grant the motion for a mistrial which defense counsel made contemporaneously with the objection to the state's cross-examination of defendant. Although there is merit to this argument [see La.C.Cr.P. art. 770(2) and State v. Meshell, 332 So.2d 767 (La.1976)], errors not assigned are not properly before this Court. See State v. Spears, 350 So.2d 603 (La. 1977).

Also, defendant urges on appeal that this Court review the record for errors patent on the face of the record, which this Court would have done in any event. Having done so, we have found no patent errors which would require reversal. See La.C.Cr.P. art. 920(2).
[2] La.R.S. 15:479 et seq. were repealed by Acts 1988, No. 515, § 8. Comment (d) to La.C.E. art. 404 states that § A. (1) of art. 404 preserves the traditional rule that an accused has the option to introduce evidence of his character with respect to the pertinent trait involved in the crime charged. If the accused affirmatively exercises this option, the prosecution may then offer evidence to rebut the character evidence thus offered by the accused as to the pertinent character trait involved in the crime. By taking the stand as a witness, an accused does not thereby put his general character at issue, nor his character as to the pertinent trait involved in the crime, but only his credibility as a witness, as provided in La.C.E. art. 608.
[3] Under prior Louisiana jurisprudence, when an accused took the stand he placed his credibility at issue and he could then be impeached by any method permitted in cross-examining any other witness, including examination regarding prior convictions. See State v. Ferguson, 540 So.2d 1116 (La.App. 1st Cir.1989).

Paragraph C. of La.C.E. art. 607 is new but is not intended to substantially change Louisiana law. See Comment (g) to La.C.E. art. 607. La.R.S. 15:490, 491, and 495 were repealed by Acts 1988, No. 515, § 8. Comment (b) to La. C.E. art. 608 states that Paragraph B. of art. 608 excludes extrinsic evidence of specific instances of conduct offered to attack the credibility of a witness. This paragraph follows Louisiana's traditional approach by also prohibiting cross-examination of a witness as to specific instances of his conduct (including vices or courses of conduct).
[4] The Comment to art. 609.1 indicates that the article was added by Senate Committee amendment. However, Comment (d) to art. 609 discusses criminal law, not civil law, and apparently should have been included under art. 609.1. In any event, Comment (d) to art. 609 indicates that evidence of arrests, indictment or prosecution may be admitted if it has relevance independent of the suggestion that the witness is unworthy of belief, as, for example, when independently relevant to show bias. See State v. Brady, 381 So.2d 819 (La.1980). In Author's Note (2) to art. 609.1 of the Handbook on Louisiana Evidence Law it is suggested that the use of the word "[g]enerally" in art. 609.1 B. presumably acknowledges the use of arrests, indictments and the like where independently relevant to show bias. See G. Pugh, R. Force, G. Rault, Jr., and K. Triche, Handbook on Louisiana Evidence Law, p. 254 (1990). In the instant case, however, the state did not argue at trial, or in its brief to this Court, that defendant's alleged prior cocaine usage had any relevancy other than to show that he was unworthy of belief.