649 So.2d 569 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Walter MITCHELL a/k/a C.J. Mitchell, Defendant-Appellant.
No. CR.94-521.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
Calvin Eugene Woodruff Jr., Abbeville, for State.
Ronald Melebeck, Abbeville, for Walter Mitchell.
Before LABORDE, YELVERTON and DECUIR, JJ.
*570 DECUIR, Judge.
Defendant, Walter Mitchell, a/k/a C.J. Mitchell, was charged with unlawful distribution of crack cocaine in violation of the Uniform Controlled Dangerous Substances Law, La.R.S. 40:967(A)(1), by Bill of Information dated April 7, 1992, and filed on April 13, 1992. The defendant entered a plea of not guilty. The jury returned a verdict of guilty. The trial judge ordered a presentence investigation. On February 8, 1994, the defendant was sentenced to serve a term of five years at hard labor, three years of which were suspended.

FACTS
On July 27, 1990, Officer Ronald James Sample of the DeQuincy Police Department was working undercover with the Vermilion Parish Sheriff's Office. On the evening of July 27 at approximately 5:00 p.m., Officer Sample met with his case agent, Sergeant Drew David, and a confidential informant as part of an operation to buy narcotics from local drug dealers. Between 7:00 p.m. and 8:00 p.m., Officer Sample and the informant traveled by car to a nightclub area and at approximately 7:50 p.m. stopped near an establishment called the Tadpole Lounge where the informant introduced Officer Sample to the defendant.
The officer, having gotten out of the car, asked the defendant to sell him a single rock of cocaine for $20.00, which defendant did. The entire transaction lasted only about two minutes. Officer Sample testified that he minimizes the time of such drug "buys" for safety reasons. He also testified that during the transaction, he made a mental note of the defendant's clothing and of the buildings in the vicinity, and subsequently wrote notes to aid his memory of the "buy." Officer Sample participated in two or three other drug buys that evening.
At approximately 10:15 p.m., the officer met again with Sergeant Drew David and delivered to him the rock of cocaine purchased from the defendant. Sergeant David put the cocaine into an evidence bag, which he then initialed and dated. The substance was tested by a laboratory and identified as cocaine. Sergeant David and evidence custodian Sergeant Kenneth Harrington both testified that the chain of custody had been preserved.
In July of 1993, Sergeant David met with Officer Sample at the DeQuincy Police Department for the purpose of conducting a photographic line-up. Officer Sample quickly identified the defendant's photo from among those shown to him, and the defendant was subsequently arrested.

ERRORS PATENT
La.C.Cr.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
A review of the record reveals one error patent.
La.C.Cr.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record reflects the court did not so inform the defendant. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. La.C.Cr.P. art. 921. The three year prescriptive period does not begin to run until the judgment is final under La.C.Cr.P. art. 914 or 922, so prescription is not yet running. The district court is directed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. See State v. Fontenot, 616 So.2d 1353 (La. App. 3d Cir.), writ denied, 623 So.2d 1334 (La.1993).

ASSIGNMENTS OF ERROR
The defendant assigns two errors in the proceeding below.

*571 (1) The trial court erred in allowing the state to cross-examine the defendant as to his trading cocaine to females for sex, as same constitutes other crimes evidence and should have been rendered inadmissible; and
(2) The conviction of the defendant was contrary to the law and the evidence and was insufficient to convince a rational trier of fact that all elements of the crime had been proven beyond a reasonable doubt, "in violation of La.Code Crim.P. art. 821." (sic).

ASSIGNMENT OF ERROR NO. 1:
In his first assignment of error, the defendant relies upon La.Code Evid. art. 404(B)(1), which states:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
La.Code Evid. art. 608(B) provides that:
Particular acts, vices, or courses of conduct of a witness may not be inquired into or proved by extrinsic evidence for the purpose of attacking his character for truthfulness, other than conviction of crime as provided in Articles 609 and 609.1 or as constitutionally required.
La.Code Evid. art. 609.1(A)-(C) provides:
A. General criminal rule. In a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions, subject to limitations set forth below.
B. Convictions. Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal.
C. Details of convictions. Ordinarily, only the fact of a conviction, the name of the offense, the date thereof, and the sentence imposed is admissible. However, details of the offense may become admissible to show the true nature of the offense:
(1) When the witness has denied the conviction or denied recollection thereof;
(2) When the witness has testified to exculpatory facts or circumstances surrounding the conviction; or
(3) When the probative value thereof outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury.
Under cross-examination at trial, the state asked the defendant whether or not he had given crack cocaine to women in exchange for sexual favors. Defendant's objection was overruled, and the defendant answered that he had traded cocaine for sex.
Generally, evidence of other acts of misconduct is inadmissible; however, there are statutory and jurisprudential exceptions to this exclusionary rule, when the evidence of other acts tends to prove a material issue and has independent relevance other than showing that the defendant is a man of bad character. State v. Silguero, 608 So.2d 627, 629 (La.1992), citing State v. Thompson, 532 So.2d 1160 (La.1988).
The record does not reveal what exceptions were used to admit the evidence, nor the basis for the objection, as the defendant's objection was overruled in the course of an unrecorded bench conference:
Q. Do you recall telling the officers in the course of that meeting that you had not sold crack cocaine, but you had given crack cocaine to women for sexual favors?
A. Yes, sir.
Q. You did tell them that?
A. Yes, sir.
Q. Is that, in fact, true?
A. I bought it
MR. MELEBECK:
Objection. May we approach the bench?

*572 THE COURT:
All right.
(WHEREUPON THERE WAS A BENCH CONFERENCE.)
MR. MELEBECK:
Note my objection for the record, Your Honor. That's all I need.
THE COURT:
Overruled.
La.Code Crim.P. art. 841(A) states:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
Although the grounds for defendant's objection are not recorded, this court may still review this assignment of error. See State v. Richardson, 529 So.2d 1301, 1308 (La.App. 3d Cir.1988), writ denied, 538 So.2d 587 (La. 1989). As already noted, "other crimes" evidence is normally inadmissible, however defense counsel "opened the door" to such testimony during direct examination of the defendant:
Q. Let me ask you this. Have you ever sold cocaine before?
A. No, sir.
Q. Have you ever used cocaine before?
A. No, sir.
We conclude the "other crimes" evidence adduced at the trial below was properly admitted in view of defendant's "opening the door" on the issue. Even damaging other crimes evidence may be admitted when the matter is opened by the defense. State v. Stringer, 496 So.2d 1287, 1242-1243 (La. App. 3d Cir.1986), writ denied, 503 So.2d 474 (La.1987).
For the same reasons, a Prieur hearing was not required. Although the state featured the defendant's "other crimes" testimony it its closing argument, there is nothing in the record to indicate that the state planned in advance of trial to use this evidence as part of its case in chief. See State v. Silguero, supra. Additionally, defense counsel failed to object to the state's references to the testimony during closing argument.
This court is aware of two cases from other circuits that seem to indicate a contrary result, but which are distinguishable. A similar situation to the present one arose in State v. Williams, 575 So.2d 452 (La.App. 4th Cir.), writ denied, 578 So.2d 130 (La.1991). In that case, defendant was charged with two counts of possession of heroin. On direct, the defendant testified that she generally stayed at home with her children and that she had been misidentified. On cross-examination, the state questioned her extensively on the issue of whether or not she used heroin.
On review, the appellate court stated:
The appellant's second contention, that the evidence was improperly introduced to show her "bad character," has merit. Under La.C.E. Art. 404(B)(1), "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he [or she] acted in conformity therewith." Exceptions to this rule exist when the evidence of other crimes is used to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the" offense. Id. In addition, "[p]articular acts, vices, or courses of conduct of a witness may not be inquired into or proved by extrinsic evidence for the purpose of attacking his [or her] character for truthfulness." La.C.E. Art. 608(B). This paragraph prohibits cross-examination of a witness as to specific instances of his or her conduct. Comment (b) to La.C.E. Art. 608(B). Only actual convictions are admissible upon issue of a defendant's credibility, and other "bad acts" of which the defendant has not been convicted are not. La.C.E. art. 609.1. The prosecutor's questioning of the defendant as to her possible prior drug use is not harmless error under LSA-C.Cr.P. art. 921. Such questioning constitutes grounds for a mistrial or for a reversal of a conviction. State v. James, 569 So.2d 135, *573 138 (La.App. 1 Cir.1990). See LSA-C.Cr.P. art. 770(2) and State v. Meshell, 332 So.2d 767, 769 (La.1976). (Id. at 454-5).
In State v. James, 569 So.2d 135 (La.App. 1st Cir.1990), a defendant on trial for possession of cocaine testified on direct examination that he was not in possession of cocaine on the night in question. The state cross-examined him on the issue of possible prior cocaine usage.
In its review, the appellate court stated:
First, as defendant submits in his brief to this Court, he did not raise the issue of his character, therefore, it was not properly before the jury while he was being cross-examined by the state. See La.C.E. art. 404 A.(1). Next, the credibility of a witness may be attacked by any party; and, in doing so, such party may examine the witness concerning any matter having a reasonable tendency to disprove the truthfulness or accuracy of his testimony. Nevertheless, particular acts, vices or courses of conduct of the witness may not be inquired into or proved by extrinsic evidence for the purpose of attacking his character for truthfulness, other than conviction of a crime as provided by La.C.E. art. 609.1. See La.C.E. arts. 607 A. and C. and 608 B.
La.C.E. art. 609.1 states, in pertinent part, as follows:
In a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions...
Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal. (Id. at 137-8).
In Williams and James, the defendant testified, in effect, "I was not there on night x," addressing the particular time of the charge. On cross-examination, the prosecution then asked, "haven't you used drugs in the past?" or "aren't you a drug user?"
In the instant case, the defense counsel asked the defendant on direct about the issue of past drug use or sale, opening the door to those issues. The state then cross-examined defendant on the same issue. It was defendant's counsel who first asked, "Have you ever used a drug?" ... "Have you ever sold a drug?" Once this matter was broached, it became a legitimate area for exploration, under Stringer. The distinguishing feature of the instant case from those just recited is that the defense itself, not the state, raised the matter of general cocaine usage and sale of cocaine by defendant on direct examination.
For the reasons set forth above, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2:
By this assignment, defendant questions the sufficiency of the evidence against him.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt.
Defendant was convicted under La.R.S. 40:967(A)(1), which states:
To produce, manufacture, distribute, or dispense or possess with intent to produce, *574 manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;
Cocaine is classified in "Schedule II." See La.R.S. 40:964.
Therefore, the state must have proven the intent and the act elements of this crime beyond a reasonable doubt. In the terms of this particular statute, the evidence must have established that defendant distributed or dispensed cocaine or a derivative thereof and that he possessed the intent to do so.
According to the Criminal Code, this is a general intent crime. See La.R.S. 14:11:
The definitions of some crimes require a specific criminal intent, while in others no intent is required. Some crimes consist merely of criminal negligence that produces criminal consequences. However, in the absence of qualifying provisions, the terms "intent" and "intentional" have reference to "general criminal intent."
General intent is defined at La.R.S. 14:10(2):
General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.
Viewing the facts in the light most favorable to the prosecution, we conclude that the circumstances recited herein indicate that the defendant "must have adverted to the prescribed criminal consequences" as certain to result from his actions. The exchange of a rock of cocaine for money clearly indicates an intent to distribute or dispense an illegal drug.
As to the act element of the crime, the state established that a sale of cocaine took place, and the defense does not contest that such distribution of an illegal substance took place; rather, the defendant attacks the state's identification of him as the offender.
The defendant notes that Officer Ronald Sample testified that he did not recall or look for any distinguishing marks on the defendant and that the "buy" took only a couple of minutes. Also, the officer could not remember whether defendant had any facial hair. The defendant also notes that although Officer Sample recalled defendant's clothing, he could not remember the color of the stripes of defendant's shirt. Other factors possibly affecting the identification are that the sun had set at the time and Officer Sample made 700-1000 drug "buys" in the period between 1988 and 1993. This argument ignores Officer Sample's positive identification of the defendant in a photographic line-up. The officer positively identified the defendant from a photo line-up within three to four seconds. The defendant does not contest the validity of the line-up on appeal, nor did he do so at trial.
The state showed that the defendant distributed a controlled dangerous substance to Officer Sample on the evening of July 27, 1990, satisfying the act element of La.R.S. 40:967. Defendant's attacks on the state's identification of him as the offender in this crime are attacks on Officer Sample's credibility as a witness.
A determination of the weight of evidence presented is a question of fact. The resolution of a matter where conflicting testimony exists requires a determination of credibility of the witness and is a matter of weight of the evidence and not sufficiency. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. State v. Nolan, 503 So.2d 1186 (La.App. 3d Cir.), writ denied, 507 So.2d 226 (La.1987).
A fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573-574 (1979). Where rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all evidence most favorable to the prosecution must be adopted on review. Only irrational decisions to convict by the trier of fact will be overturned. See State v. Mussall, 523 So.2d 1305, 1310 (La.1988).
*575 As defendant's arguments are essentially attacks on witness credibility, this assignment of error is without merit.
The defendant's conviction and sentence is hereby affirmed. The district court is directed to inform the defendant of La.C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and file written proof that the defendant received the notice in the record of these proceedings.
AFFIRMED, with instructions.