608 So.2d 627 (1992)
STATE of Louisiana
v.
Robert Alvear SILGUERO.
No. 92-K-0651.
Supreme Court of Louisiana.
November 30, 1992.
*628 Richard Ieyoub, Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Donald J. Richard, Asst. Dist. Atty., for applicant.
Edward J. Lopez, Opelousas, for respondent.
MARCUS, Justice.
Robert A. Silguero, was charged by bill of information with distribution of marijuana, a violation of La.R.S. 40:966 A, conspiracy to distribute marijuana, a violation of La.R.S. 40:966 A and 979 A, and possession with intent to distribute cocaine, a violation of La.R.S. 40:967 A. After a jury trial, defendant was found guilty as charged and sentenced to serve fifteen years at hard labor plus a $5,000 fine for distribution of marijuana, seven and one half years at hard labor plus a $2,500 fine for conspiracy to distribute marijuana, and fifteen years at hard labor plus a $5,000 fine for possession with intent to distribute cocaine. The trial judge directed that the sentences of imprisonment be served concurrently. On appeal, the court of appeal found that the trial judge erred in not granting a mistrial in accordance with La.Code Crim.P. art. 770(2)[1] when the district attorney, during cross-examination of defendant, referred to another crime committed by defendant. The court reversed the convictions, vacated the sentences, and remanded the case for a new trial.[2] Upon the state's application, we granted certiorari to review the correctness of this decision.[3]
On March 6, 1989, defendant and William "Coonass" Hendricks drove from Houston destined for Brownsville, Texas. Defendant testified that the purpose of the trip was to arrange for the rewiring of a building he had leased for his future used clothing business. For some unexplained reason, the two men did not go to Brownsville. Instead, they stopped at a motel outside of Brownsville in Harlingen, Texas. According to defendant, the next morning Hendricks disappeared for about five hours returning to the motel with two suitcases owned by defendant which defendant stored in Store More Storage in Brownsville.
On direct examination, defendant denied giving Hendricks permission to use the suitcases and claimed that Hendricks gained access to the suitcases by making an unauthorized duplicate set of keys to defendant's storage unit. Defendant testified that he immediately questioned Hendricks about the contents of the suitcases and that he was told the suitcases contained "advertising materials" belonging to Hendricks' girl-friend or ex-wife and that Hendricks planned to sell the materials. Hendricks decided to peddle the advertising materials in Louisiana, so he purchased two airline tickets, checked the suitcases, and the two men flew out of McAllen, Texas that evening. The men arrived in Lafayette and rented a motel room for the night. Defendant testified that the following morning he confronted Hendricks again about the contents of the suitcases and that Hendricks revealed for the first time that he was transporting marijuana. Defendant *629 expressly denied having any knowledge about the contents of the suitcases prior to that morning in Lafayette. Defendant also denied arranging for the sale or transportation of marijuana.
On cross-examination, defendant testified that his Store More Storage unit merely contained supplies for his used clothing business such as "a couple of cash registers, some clothes racks, a hand bailer, ... some ice chests, some suitcases [, and] ... a lot of personal stuff and business stuff." Defendant admitted that the suitcases used to transport marijuana to Louisiana were also stored in his storage unit. He claimed that he had seen the suitcases empty in the storage unit two weeks before Hendricks used them without permission. Defendant repeated his explanation of how Hendricks had removed the suitcases from his storage unit in Brownsville and filled them with marijuana without defendant's knowledge or consent. Nonetheless, defendant travelled with Hendricks from Lafayette to Eunice, Louisiana to discuss opening a pet shop with Hendricks' niece, Sally Joane Estis. It was in this context that the following exchange occurred between the district attorney and defendant:
Q. When you arrived at Sally Joane Estis' house, did you know that those suitcases contained marijuana?
A. Yes, sir.
Q. About a hundred pounds of marijuana?
A. I don't know how much weight.
Q. Do you know if thosethe marijuana that was found in these suitcases was part of the same marijuana that was found in your storage building?[4]
Defense counsel objected arguing that the question referred to inadmissible evidence of another crime. The trial judge sustained the objection, but denied defendant's motion for mistrial. The state contends that the court of appeal erred in finding that the district attorney's reference to another crime was inadmissible and mandated a mistrial.
Generally, evidence of other acts of misconduct is inadmissible; however, there are statutory and jurisprudential exceptions to this exclusionary rule, when the evidence of other acts tends to prove a material issue and has independent relevance other than showing that the defendant is a man of bad character. Even if independently relevant, the probative value of such evidence must be weighed against its prejudicial effect. State v. Thompson, 532 So.2d 1160 (La.1988). One statutory exception to the general rule of exclusion is other crimes evidence used to prove knowledge when proof of such is required to establish guilt. La.Code Evid. art. 404 B(1).[5] We have found that "in this sense, `guilty knowledge' is used to negate an innocent explanation for an undoubtedly unlawful act, as possibly done unknowingly." State v. Slayton, 338 So.2d 694, 697 (La.1976) (emphasis in original). In narcotics possession and distribution cases the state has the burden of proving "guilty knowledge." However, the prosecution cannot introduce an extraneous offense under the guise of proving "guilty knowledge" when in fact it is not a genuine *630 matter in issue. State v. Clark, 338 So.2d 690, 693 (La.1976).
Defendant, on direct-examination, sought to establish as a defense a lack of knowledge of the contents of the suitcases by providing an innocent explanation of how his suitcases had been removed from his storage unit and filled with marijuana without his knowledge. This defense directly placed his "guilty knowledge" at issue and made evidence of other crimes relevant to rebut that issue. See State v. Banks, 307 So.2d 594 (La.1975) (if defendant creates a genuine issue, the state may, under certain circumstances, use other crimes evidence to rebut the issue). To further advance his defense, on cross-examination, defendant gratuitously gave an innocent accounting of the contents of the storage unit from which his suitcases had allegedly been taken. The state's evidence that less than two weeks after the purported commission of the charged offense defendant's storage unit contained not simply business supplies, but almost four times the marijuana transported to Louisiana directly challenged defendant's exculpatory account of events. That is, the state's evidence negated defendant's innocent explanation of his transportation of marijuana. Since this was relevant evidence of "guilty knowledge," it was admissible as an exception to the exclusionary rule. Moreover, considering defendant's admission that he owned the suitcases used to transport the marijuana, defendant's admission that the suitcases came from his storage unit, and that defendant had at least the same access to the storage unit as Hendricks, the state's other crimes evidence was highly probative of the credibility of defendant's testimony that he did not know the suitcases contained marijuana until after he arrived in Lafayette.
Within a reasonable time before trial the state must furnish defendant with a statement in writing of the criminal acts or offenses it intends to offer in evidence specifying the exception to the general exclusionary rule upon which it relies for admissibility. State v. Prieur, 277 So.2d 126 (La.1973); La.Code Evid. art. 1103. Absent evidence that the state evaded Prieur notice requirements by deliberately reserving its other crimes evidence for cross-examination or rebuttal, the Prieur notice requirements do not apply where, as here, defendant, through his own testimony, makes the other crimes evidence relevant. Banks, 307 So.2d at 600. The record does not reveal that the state withheld using the other crimes evidence in its case-in-chief to circumvent Prieur notice requirements. Thus, under the circumstances, the other crimes evidence was admissible without Prieur notice.
In sum, the district attorney's question did not mandate a mistrial under La.Code. Crim.P. art. 770(2), since the reference to another crime committed by defendant was substantively and procedurally admissible. The court of appeal erred in holding otherwise. We must reverse.
In his appeal, defendant assigned four errors. Since the court of appeal reversed based on one of these assigned errors, it did not address the other assigned errors. We consider it more appropriate to remand the case to that court to consider defendant's remaining assigned errors.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and the case is remanded to the court of appeal for consideration of defendant's remaining assignments of error.
DENNIS, J., concurs. The defendant did not argue and this Court did not consider whether the state should be bound by its response to discovery motions that it would not introduce evidence of other crimes to prove knowledge or intent, regardless of whether the evidence would have been admissible in the absence of such response. Nevertheless, the defendant's assignments below seem to be broad enough to permit consideration of this question on remand.
NOTES
[1] La.Code Crim.P. art. 770 provides in pertinent part:

Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
[2] 594 So.2d 1070 (La.App. 3rd Cir.1992).
[3] 599 So.2d 318 (La.1992).
[4] On March 17, 1989, one of defendant's suitcases was seized from beneath Sally Joane Estis' home. At the time of seizure, this suitcase contained thirty-seven pounds of marijuana. Based on responses to defendant's discovery motions, the state limited its evidentiary basis for the marijuana charges to the thirty-seven pounds seized from this suitcase. On March 18, 1989, the second suitcase was seized from the trunk of defendant's car during a another trip by defendant to Eunice, Louisiana. At the time of seizure, this suitcase contained marijuana gleanings and Hendricks' blanket which had been used to wrap a brick of marijuana during the previous Eunice trip. Two days later, on March 20, 1989, Texas authorities seized 138.5 pounds of marijuana from defendant's rented storage unit in Brownsville.
[5] La.Code Evid. art. 404 B(1) provides:

[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.