CLARENCE E. McMANUS, Judge.
l2Pefendant, Frederick Leday, was convicted of armed robbery in violation of LSA-R.S. 14:64, and sentenced as a second felony offender to 100 years at hard labor. Defendant appeals from his conviction and from his multiple offender adjudication and sentence.
The following was adduced at trial. At approximately 8:00 p.m. on December 22, 2009, Mr. Henry Courteaux,[1] the manager of the Evergreen Plaza Inn on Veterans Highway in Metairie, was watching television behind the front desk. An individual walked in and requested the rate of the rooms and Mr. Courteaux recognized the man as a frequent visitor of the inn. He had been told by one of his employees that the individual had stayed there recently and now wanted a discounted rate, which Mr. Courteaux offered him. After receiving the offer, the individual then appeared to proceed toward the exit, saying he was going to talk with a companion outside. Mr. Courteaux thought the man had exited, but seconds later he observed him pass behind a fish tank in the lobby and come through a side door that accessed the area behind the front desk. The man then put something “sharp and cold” against the manager’s neck, demanded he open the cash register, and give him all the cash.[2] Mr. Courteaux complied, giving the robber $170.00. The robber then ordered Mr. Courteaux to lie face down on the floor, which he Robeyed; and when he stood up moments later, the robber was gone. Mr. Courteaux then called 911.
Deputy Ernest Pierre of the Jefferson Parish Sheriff’s Department responded to the call and arrived on the scene within five minutes. Upon his arrival, Mr. Cour-teaux informed the deputy that he had been robbed at knifepoint.
Ms. Patricia Hills, an employee of the inn, testified that defendant, who was employed across the street at a car wash, often came to the inn to get breakfast, and that she had seen defendant with a knife a few days before the robbery. Ms. Gladiola Williams, also an employee of the inn, was an acquaintance of defendant as a result of his frequenting the inn. She testified that she rented a room to defendant two days before the robbery, on December 19, 2009.
The inn is equipped with seven surveillance cameras, some of which captured the robbery of Mr. Courteaux. Both Ms. Hills and Ms. Williams reviewed the surveil *504 lance footage. Ms. Hills testified that she saw defendant put a knife to Mr. Cour-teaux’s neck. Ms. Williams testified that the footage showed defendant coming into the inn on the morning of the robbery and that although the footage of the robbery was dark, making it difficult to make out the robber’s face, she determined that the robber possessed defendant’s features.
On December 23, 2009, the day after the robbery, both Ms. Hills and Ms. Williams identified defendant from photographic lineups. Ms. Hills identified defendant from the lineup as the robber in the video. Ms. Williams identified defendant from the lineup as the person she rented the room to on December 19 and as the person in the surveillance footage entering the inn on the morning of the robbery. In addition, at trial, Mr. Courteaux testified that he was sure that it was defendant who had robbed him.
|4Pefendant was arrested on December 26, 2009. He was advised of his rights, indicated he understood them, and executed a waiver thereof. He then gave a statement. Defendant admitted that he approached Mr. Courteaux from behind, placed his arm around his neck, demanded he open the cash register drawer and remove the money. However, defendant stressed that he did not use a weapon during the robbery.
In his first assignment of error, defendant argues that the trial court erred in admitting evidence of other crimes. Specifically, defendant contends that evidence of a prior first degree robbery conviction should have been excluded as inadmissible other crimes evidence since the evidence was more prejudicial than probative. According to the State’s “Notice of Intent to Use Evidence of Other Crimes,” in August 2005, defendant pled guilty to first degree robbery in violation of LSA-R.S. 14:64.1 for committing theft of U.S. currency belonging to a bank by use of force or intimidation and by leading the victim to reasonably believe he was armed with a dangerous weapon. In its notice of intent, the State asserted that the purpose of introducing the evidence was to show defendant’s knowledge, intent, guilty knowledge, system, and motive.
The trial court found that the evidence of Defendant’s prior conviction was admissible, noting that “first degree robbery is a lesser and includeable [sic] offense within armed robbery, the elements being similar if not identical, certainly not identical.
At trial, evidence of defendant’s prior conviction was admitted. In rebuttal closing argument, the prosecutor argued the relevance of this evidence:
[Defendant] talks a lot about the evidence of other crimes, the, what we call 404(B), evidence of other crimes, his pri- or conviction. He says that he doesn’t want you to consider it at all and that we’re just showing it to you to make him a bad man.
[^That’s not why we put that evidence in. You heard Mr. Leday’s statement, you heard him over and over again say that he didn’t have a knife and he didn’t make them think he had a knife, you heard it numerous times, I didn’t have a knife and I never made anybody think I had a knife.
Why do you think he did that, he’s been there before, he’s had a prior robbery, he knows what he needs to say to the police to mitigate what he did.
The fundamental rule in Louisiana governing the use of evidence of other crimes, wrongs, or acts is that such evidence is not admissible to prove that the accused committed the charged crime because he has committed other such crimes in the past. State v. Williams, 09-48, p. 9 (La.App. 5 Cir. 10/27/09), 28 So.3d 357, *505 363, writ denied, 09-2565 (La.5/7/10), 34 So.3d 860. However, such evidence may be admitted by certain statutory and jurisprudential exceptions to the exclusionary rule when it tends to prove a material issue and has independent relevance other than showing that the defendant is of bad character. State v. Dauzart, 02-1187 (La.App. 5 Cir. 3/25/03), 844 So.2d 159, 165.
The statutory exceptions, as provided in LSA-C.E. art. 404(B)(1), are “proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident.” In order for other crimes evidence to be admitted under LSA-C.E. art. 404(B)(1), one of the factors enumerated in the article must be at issue, have some independent relevance, or be an element of the crime charged. State v. Cotton, 07-782, p. 12 (La.App. 5 Cir. 2/19/08), 980 So.2d 34, 42, writ denied, 08-0603 (La.10/3/08), 992 So.2d 1010. Further, the probative value of the extraneous evidence must outweigh its prejudicial effect. Id. The defendant bears the burden to show that he was prejudiced by the admission of the other crimes evidence. Id.
 Clearly, evidence of other crimes or bad acts is prejudicial since all evidence that tends to make it more probable than not that an individual committed a | (¡criminal offense is necessarily prejudicial. Cotton, 07-782 at 12-13, 980 So.2d at 42. The underlying policy is not to prevent prejudice, since evidence of other crimes is always prejudicial, but to protect against unfair prejudice when the evidence is only marginally relevant to the determination of guilt of the charged crime. Id., 07-782 at 13, 980 So.2d at 42. Absent an abuse of discretion, a trial court’s ruling on the admissibility of evidence pursuant to LSA-C.E. art. 404(B)(1) will not be disturbed. Id.
In the present case, the State sought to introduce the other crimes evidence on five grounds: “knowledge, intent, guilty knowledge, system, and motive.”[3]
Turning first to knowledge, use of other crimes evidence may be used to prove knowledge when proof of such knowledge is required to establish guilt. State v. Silguero, 608 So.2d 627, 629 (La.1992). “In this sense, ‘guilty knowledge’ is used to negate an innocent explanation for an undoubtedly unlawful act, as possibly done unknowingly.” Id. (citation omitted). But the prosecution cannot introduce evidence of other crimes under the guise of proving “guilty knowledge” when it is not a genuine matter in issue. Id., 608 So.2d at 629-30. In this instant case, defendant held a knife to the victim’s neck and demanded he empty the cash register. This action was undoubtedly unlawful that could not have possibly been committed unknowingly. Therefore, guilty knowledge was not necessary to negate an innocent explanation for defendant’s action. State v. Harrison, 291 So.2d 782, 784 (La.1974).
Next, intent was not a real and genuine contested issue in the instant case, since armed robbery is a general intent, not specific intent, crime. Although defendant disputes that he used a weapon to commit the robbery, the testimony of the victim and Ms. Hills, and a review of the surveillance footage indicate that | .¡defendant was armed with a dangerous weapon when he committed the robbery. Defendant’s intent was furnished by his acts and was not a real and genuine contested issue. See *506 State v. Smith, 07-2028, p. 10 (La.10/20/09), 23 So.3d 291, 297.
Regarding the introduction of other crimes evidence to show system, or modus operandi, Louisiana jurisprudence has long sanctioned the use of other crimes evidence to show modus operandi as it bears on the question of identity when the prior crime is so distinctively similar to the one charged, especially in terms of time, place and manner of commission, that one may reasonably infer that the same person is the perpetrator in both instances. State v. Merritt, 04-204, pp. 11-12 (La.App. 5 Cir. 6/29/04), 877 So.2d 1079, 1086, writ denied, 04-1849 (La.11/24/04), 888 So.2d 228. “The modus operandi employed by the defendant in both the charged and uncharged offenses must be so peculiarly distinctive that one must logically say they are the work of the same person.” Id. (citation omitted). Here, the instant offense is similar to the previous one in that it was a robbery involving the use of force or intimidation in which defendant obtained money. However, these two crimes are not so peculiarly distinctive that one must logically say they are the work of the same person.
Lastly, evidence of other crimes may be admissible if the evidence is relevant to show motive, i.e., to show that the defendant had a reason to commit the crime with which he is charged. Cotton, 07-782 at 13, 980 So.2d at 42. The general motive of gaining wealth, which could be the underlying basis for almost any crime, is not sufficient to establish a motive. See State v. Sutfield, 354 So.2d 1334, 1337 (La.1978); Merritt, supra, 04-204 at 14, 877 So.2d at 1087. In this case, the evidence seems to indicate that defendant’s motives in committing both robberies were to gain wealth, which the supreme court has dismissed as a non-|peculiars reason to commit a crime. Further, it does not appear that the bank robbery in 1997 indicated a motive for defendant to commit a robbery against the motel clerk in 2009.
In view of the foregoing, we believe that the trial court abused its discretion in admitting the evidence of defendant’s prior offense. However, the introduction of inadmissible other crimes evidence is subject to a harmless error analysis. State v. Santos, 09-789, p. 14 (La.App. 5 Cir. 4/13/10), 40 So.3d 167, 175, writ denied, 10-1080 (La.11/24/10), 50 So.3d 828 (citations omitted). An error is harmless when the verdict is surely unattributable to the error. Id.
In the instant case, three witnesses identified defendant as the perpetrator. Both the victim and one witness testified that defendant was armed during the robbery. Surveillance footage reveals that defendant was the perpetrator and was armed. And even defendant himself admitted that he robbed Mr. Courteaux, though he claimed he was unarmed. In light of this evidence, the guilty verdict was surely unattributable to the other crimes evidence. Accordingly, we conclude that the trial court erred in admitting the evidence, but that this error was harmless, not requiring corrective action. This allegation of error lacks merit.
In his second assignment of error, defendant argues that his enhanced sentence of 100 years at hard labor is excessive.
Appellate review of sentences for exces-siveness is a two-pronged inquiry. State v. Lobato, 603 So.2d 739, 751 (La.1992). First, the record must show that the sentencing court complied with LSA-C.Cr.P. art. 894.1. Id. If this prong is met, a constitutional inquiry as to the excessiveness of the sentence follows. Id.
*507 This Court has held that the failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for constitutional excessiveness. State v. Dupre, |fl03— 356 (La.App. 5 Cir. 5/28/03), 848 So.2d 149, 153, writ denied, 03-1978 (La.5/14/04), 872 So.2d 509; State v. Hester, 99-426, p. 10 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, 103, writ denied by State v. Patterson, 99-3217 (La.4/20/00), 760 So.2d 342. Although defendant orally objected to the trial court’s finding him a fourth felony offender and to his corresponding enhanced sentence, the record reflects that defendant did not file a motion to reconsider sentence. Accordingly, defendant is only entitled to a review for constitutional excessiveness.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson, 04-334, p. 6 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622.
A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Dorsey, 07-67, p. 5 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Pearson, 07-332, p. 15 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656. In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the | msentence imposed for similar crimes by the same court and other courts. Pearson, 07-332 at 15-16, 975 So.2d at 656.
Before considering these three factors, we first find that defendant’s sentence is within the statutory limits. At the time of the offense,[4] LSA-R.S. 15:529.1(A)(1) provided in pertinent part:
(a) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.
LSA-R.S. 14:64(B), at the time of the offense,[5] provided: “Whoever commits the crime of armed robbery shall be imprisoned for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.”
*508 Accordingly, since the offense of armed robbery is punishable by imprisonment for a term less than natural life, LSA-R.S. 15:529.1(A)(l)(a) dictates a sentencing range of 49 ½ years to 198 years for a second felony offender. Defendant was sentenced to 100 years.
Now, we direct our attention to the first of the three factors considered in reviewing the trial court’s sentencing discretion — the nature of the crime. This Court has found that if the trial judge who imposed sentence on a defendant’s underlying conviction is the same judge who imposes the enhanced sentence in a multiple offender adjudication, that judge is deemed to be aware of the nature of the crime for the underlying conviction. State v. Woods, 09-399, pp. 28-29 (LajApP-n 5 Cir. 3/9/10), 38 So.3d 391, 412 writ denied, 10-0784 (La.10/29/10), 48 So.3d 1096. In the instant case, the record reflects that the trial judge who presided over defendant’s conviction and sentencing on his underlying offense was the same judge who presided over defendant’s adjudication and sentencing as a multiple offender, and thus was aware that defendant robbed an elderly motel clerk at knifepoint.
Next, regarding the nature and background of the offender, defendant had been previously convicted of a crime of violence, first degree robbery. See LSA-R.S. 14:2(B)(22). Armed robbery is also defined as a crime of violence. See LSA-R.S. 14:2(B)(21). Therefore, defendant’s commission of these two violent crimes, similar in their method of execution and severity, indicates defendant’s propensity for violent recidivism.
Lastly, we consider the sentence imposed for similar crimes by the same court and other courts. This Court has held that repeat offenders are to receive serious sentences. State v. Carter, 96-358 (La.App. 5 Cir. 11/26/96), 685 So.2d 346, 353.
Similarly, the Louisiana Supreme Court has noted that LSA-R.S. 15:529.1 treats the defendant with multiple felony convictions “as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the laws of our state. He is subjected to a longer sentence because he continues to break the law.” State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 677.
Reviewing similar cases, we find that defendant’s sentence is supported by comparison. Compare State v. Bruce, 10-121, pp. 15-16 (La.App. 5 Cir. 11/9/10), 54 So.3d 87, 96, writ denied, 10-2756 (La.4/29/11), 62 So.3d 109, (the defendant was convicted of armed robbery, was subsequently adjudicated a second felony offender, and received an enhanced sentence of 100 years at hard labor with the first 99 years to be served without benefit of probation, parole, or suspension of 112sentence, and the remaining one year to be served without benefit of probation or suspension of sentence); State v. Fuller, 07-319, pp. 9-10 (La.App. 5 Cir. 2/19/08), 980 So.2d 45, 51, writ denied, 08-0705 (La.10/10/08), 993 So.2d 1282, (defendant was sentenced to 198 years for armed robbery as a second felony offender); State v. Smith, 04-340, pp. 14-15 (La.App. 5 Cir. 10/26/04), 888 So.2d 280, 290-91, (defendant’s 198-year sentence for armed robbery as a second felony offender upheld).
Accordingly, we find that defendant’s 100-year sentence for armed robbery as a second felony offender was not excessive, especially in consideration of the fact that defendant placed the victim at risk of death or great bodily harm when he held a knife to the victim’s neck. This allegation is without merit.
Defendant requests an error patent review. We have reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 *509 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and find none which require corrective action.
For the above discussed reasons, the defendant’s conviction and sentence are affirmed.

AFFIRMED

. On July 13, 2011, Mr. Courteaux testified that he was 70 years old.

. Mr. Courteaux testified that he did not know what was placed against his neck because he did not see it, but it felt "sharp and cold” and he thought it was a knife.

. Although the State in its notice of intent lists both "knowledge” and "guilty knowledge” as separate reasons for introducing the other crimes evidence, LSA-C.E. art. 404(B)(1) lists only “knowledge."

. The Louisiana Supreme Court has held a defendant should be sentenced pursuant to the version of LSA-R.S. 15:529.1 in effect at the time of the commission of the charged offense. State v. Parker, 03-0924 (La.4/14/04), 871 So.2d 317, 326.

. It is well settled that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Sugasti, 01-3407, p. 4 (La.6/21/02), 820 So.2d 518, 520.