664 So.2d 687 (1995)
STATE of Louisiana
v.
Ray ROBERSON.
No. CR94-1570.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*689 Thomas Martin Yeager, Alexandria, for State of Louisiana.
Bridgett Brown, Alexandria, Ray Roberson, pro se, for Ray Roberson.
Before DOUCET, C.J., and AMY and SULLIVAN, JJ.
DOUCET, Chief Judge.
The defendant appeals his conviction for possession of marijuana with intent to distribute.
On October 15, 1993, Officer Patrick Van Dyke of the Alexandria City Police Department was off duty. While driving in the southern part of Alexandria, Officer Van Dyke stopped at a red light. He noticed the defendant get up off a bench, walk over to a paper bag on the ground, and pull out two baggies. Officer Van Dyke suspected that the baggies contained marijuana. He saw the defendant hand the baggies to another person and receive money from that person. He went to the nearest phone and called his headquarters. Two units soon arrived and the defendant was arrested for distribution of marijuana.
The defendant, Ray Roberson, was charged by bill of information with possession of marijuana with intent to distribute, a violation of La.R.S. 40:966 A(1). On December 17, 1993, the defendant appeared in court represented by counsel. He waived formal arraignment, and entered a plea of not guilty. On March 22, 1994, the defendant again appeared in court with counsel. He waived jury trial, and asked for a judge trial. After reviewing the testimony and evidence adduced at trial, the trial court found the defendant guilty as charged. On March 25, 1994, the state filed a habitual offender bill pursuant to La.R.S. 15:529.1. On May 6, 1994, the defendant appeared in court with counsel, and entered a plea of guilty to the habitual offender bill. He was sentenced to fifteen years at hard labor. The defendant filed a Motion to Reconsider Sentence on May 16, 1994. On August 30, 1994, the trial court denied the motion.
On August 3, 1994, counsel for the defendant filed a Notice of Appeal. However, appellate counsel has submitted a brief stating she has found no non-frivolous issues to be raised on appeal. The defendant was given an opportunity to file a response on his own behalf. On May 8, 1995, this court granted the defendant an extension of time, allowing the defendant until May 30, 1995, to file his pro se brief. On June 1, 1995, the defendant filed a pro se brief with this court. Accordingly, this court will review the defendant's appeal for errors patent as mandated by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We will further address the defendant's four pro se assignments of error.

COUNSEL'S MOTION TO WITHDRAW AS COUNSEL
Appellate counsel alleges that she should be allowed to withdraw from this case because there are no non-frivolous issues to be raised on appeal. Appellate counsel has complied with the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, as interpreted by State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir. 1990). Counsel's review of the procedural history of the case and the facts of the case show a thorough review of the record. A copy of counsel's brief was forwarded to the defendant. The defendant filed a pro se brief on his own behalf.
As required by Benjamin, 573 So.2d 528, this court has done an independent review of all pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and the transcripts contained in the appellate record. The defendant was properly charged by bill of information with possession of marijuana with intent to distribute, a violation of La. *690 R.S. 40:966A(1). The assistant district attorney signed the bill of information. The defendant was present with counsel at each stage of the proceedings. The verdict of guilty is responsive to the charged offense.
On May 6, 1994, a habitual offender hearing was held. In a pro se assignment of error, the defendant contends that the trial judge did not inform him of his right to remain silent before beginning the habitual offender proceedings.
Before the defendant's admission that he was the same Ray Roberson convicted of a prior possession of marijuana with intent to distribute charge on January 12, 1993, the trial judge stated the following:
BY THE COURT:
Mr. Roberson, you have the right to have a trial on that issue as to whether or not that you have violated the habitual offender law and the State ... at that trial the State would have to prove beyond a reasonable doubt that you are the same person who committed the first crime and the second crime within ... and were found guilty of doing it ... or convicted of doing it within five years of each other, and you would be entitled to be represented by a lawyer and to be confronted by the witnesses against you and that your lawyer would have the right ... you would have the right to have your lawyer cross examine those witnesses.
The trial court did say that the state would have to prove beyond a reasonable doubt that the defendant was the same person who was convicted of possession of marijuana with intent to distribute on January 12, 1993. However, the court did not specifically state that the defendant had a right to remain silent. The state is required to prove both the prior convictions and that the defendant is the same person previously convicted of the other offenses. State v. Brown, 514 So.2d 99 (La.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988), rehearing denied, 487 U.S. 1228, 108 S.Ct. 2888, 101 L.Ed.2d 923 (1988). This case can be distinguished from a recent Louisiana Supreme Court case, State v. Harris, 95-900 (La. 5/19/1995); 654 So.2d 680. In that case, the court said that, where the state has presented evidence that the defendant is the same person previously convicted of the predicate felonies that led to the multiple bill, the hearing is fundamentally fair, even if the defendant is not advised of his rights before admitting his identity. In this case, no evidence, except the testimony of the defendant himself, was presented to show that a Ray Roberson was convicted of any prior offenses. No independent evidence or testimony was introduced to prove the defendant's identity. Because no competent evidence was introduced against the defendant, and because he was not specifically informed of his right to remain silent before his admission, the defendant was denied a fundamentally fair hearing. Accordingly, the defendant's sentence is vacated and the case remanded for a new habitual offender hearing and resentencing. Further, since this error will require the case to be remanded, counsel's motion to withdraw must be denied.

SUFFICIENCY OF THE EVIDENCE
The defendant contends the trial court erred in finding him guilty of distribution of marijuana because the evidence was insufficient to support a conviction.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the appellate court is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La. 1983); State v. Duncan, 420 So.2d 1105 (La. 1982). It is the role of the fact finder to weigh the credibility of the witnesses. The appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations called for under the Jackson standard of review. State ex rel. Graffagnino v. King, 436 So.2d 559.
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. Therefore, the state must prove that the defendant possessed a controlled dangerous substance, *691 marijuana, with the intent to distribute, violating La.R.S. 40:966A(1).
As has been stated above, on October 15, 1993, Officer Patrick Van Dyke of the Alexandria City Police Department was off duty. Officer Van Dyke was traveling in his vehicle in the southern part of Alexandria. While stopped at a red light, he noticed the defendant get up off a bench, walk over to a paper bag on the ground, and pull out two baggies that Officer Van Dyke suspected to be marijuana. He saw the defendant hand the baggies to another individual, receive money, and place the paper bag back on the ground in the same location. Officer Van Dyke went to the nearest phone and called his headquarters. Two units soon arrived and the defendant was arrested.
Two paper bags containing marijuana packaged in baggies were found at the location pointed out by Officer Van Dyke. Officer Van Dyke testified that the area was clean except for the two bags. The evidence was tagged by Officer Kenneth Rachal and taken to headquarters. Officer Rachal then placed the defendant under arrest.
The defendant argues that there is no evidence that the paper bag confiscated by the police was the same paper bag that Officer Van Dyke saw, especially since Officer Van Dyke left the area for approximately fifteen minutes to make his phone call. The defendant notes that drug users and dealers frequent the area in question. The defendant points out that he was not engaged in any criminal activity when Officer Van Dyke returned and was twenty-five feet from the drugs seized.
A determination of the weight of evidence presented is a question of fact. The resolution of a matter where conflicting testimony exists requires a determination of credibility of the witness and is a matter of weight of the evidence and not sufficiency. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. State v. Nolan, 503 So.2d 1186 (La.App. 3 Cir.1987), writ denied, 507 So.2d 226 (La.1987).
A fact finder's discretion will be impinged upon, only to the extent necessary to guarantee the fundamental protection of due process of law. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Where rational triers of fact could disagree as to the interpretation of the evidence, the view of all evidence most favorable to the prosecution must be adopted on review. Only irrational decisions to convict by the trier of fact will be overturned. See State v. Mitchell, 94-521 (La.App. 3 Cir. 11/2/94); 649 So.2d 569.
Harold Joffrion was the only witness for the defendant. Mr. Joffrion was seated next to the defendant at the time of his arrest. He was also arrested for possession of drug paraphernalia. Mr. Joffrion testified he was with the defendant all day and did not see the defendant sell marijuana to anyone. Since the only evidence presented by the defendant was the testimony of Mr. Joffrion, this case rests on a credibility determination, the testimony of Mr. Joffrion versus the testimony of Officer Van Dyke. When the decision of a trial court is based on the reasonable evaluations of credibility, it may not be disturbed on review. Rosell v. ESCO, 549 So.2d 840 (La.1989).
The testimony of Officer Van Dyke was sufficient to establish that the defendant possessed the marijuana in question. Officer Van Dyke stated that he went "exactly" to the bag that he saw the defendant put on the ground, and noticed another bag, which also contained marijuana, right next to it. The testimony of Officer Van Dyke that he saw the defendant hand two baggies to someone in exchange for money establishes the intent to distribute.
La.R.S. 40:966 makes it unlawful for persons to knowingly or intentionally, "produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance." The evidence presented at trial, when viewed in the light most favorable to the prosecution, was sufficient to establish that the defendant committed the crime charged beyond a reasonable doubt.

*692 INEFFECTIVE ASSISTANCE OF COUNSEL
By this assignment of error the defendant argues that ineffective assistance of counsel resulted in a conviction where one would not otherwise have resulted.[1] The defendant contends his trial counsel was ineffective for failing to file a motion to suppress evidence, for failing to prepare for the multiple offender hearing, for failing to raise any errors on appeal, for stipulating to the expert testimony and the chain of evidence and for failing to object to the introduction of the crime lab report.
The record reveals that defense counsel filed a motion for discovery as well as a motion for a bill of particulars. The state filed a motion of intent to introduce scientific analysis report. The lab report reveals that the substance analyzed was marijuana. The minutes reveal that the state moved to introduce into evidence the crime lab report, as well as the marijuana, and that defense counsel objected. The objection was overruled. As a result, this part of the defendant's argument is without merit. As to the stipulation of the chain of custody, given the weight of the evidence presented and the information available to defense counsel, it would have been futile for defense counsel to require the state to establish the chain of custody. Furthermore, the defendant fails to allege that there was an error in the chain of custody. To decide whether the defendant's trial counsel was ineffective for failing to file a motion to suppress, it is necessary to consider whether the officers involved had reasonable suspicion to believe the defendant was engaged in the distribution of marijuana. Because Officer Van Dyke personally witnessed the defendant sell marijuana, a motion to suppress was not warranted. Further, the defendant does not allege any basis for filing a motion to suppress. Accordingly, we cannot say that counsel was ineffective in failing to file a motion to suppress.
The other conduct raised by the defendant was not so deficient as to deprive the defendant of a fair trial. These matters may also fall into the category of trial strategy.
The defendant's claim that counsel was ineffective for failing to raise any errors on appeal is moot since the defendant has been presented with the opportunity to raise these errors himself. The defendant's claim that counsel was ineffective for failing to prepare for the multiple offender hearing is also moot because this court has ordered that the defendant's sentence be vacated and the case remanded for a new habitual offender hearing and resentencing.
Since the defendant fails to show that counsel's performance was deficient, or that the alleged deficiency resulted in prejudice to the defendant, we cannot say that the defendant was denied the effective assistance of counsel.

ADMISSION OF LAB REPORT
Finally, the defendant contends the trial court erred in allowing the lab report to be admitted into evidence.
On January 3, 1994, the state filed a Notice of Intent to Introduce Scientific Analysis Report under the provisions of La.R.S. 15:499, et seq. The defendant filed a Motion for Discovery and Inspection on January 5, 1994. On January 21, 1994, the state and defense counsel filed a Joint Stipulation which indicated that discovery had been fully satisfied. As a result, the record shows that the defendant was fully informed of the contents of the lab report. The state moved at trial to introduce the lab report into evidence. The court admitted it. The record indicates that defense counsel stipulated to the lab report beforehand. Therefore, the defendant's only viable argument is that his defense counsel's failure to object constituted inadequate assistance of counsel. This issue was addressed previously and found to be without merit. Therefore, we find no error in the admission of the lab report.

*693 CONCLUSION
The defendant's conviction is affirmed. However, because of the failure of the trial court to advise the defendant of his right to remain silent prior to his admission of guilt in the multiple offender bill, his sentence is vacated. The case is remanded for a new habitual offender hearing and resentencing. Defense counsel's motion to withdraw is denied because to grant the motion to withdraw will leave the defendant unrepresented at further proceedings.
AFFIRMED IN PART; VACATED AND REMANDED IN PART.
NOTES
[1] A claim for ineffective assistance of counsel is properly raised in an application for post-conviction relief. State v. Burkhalter, 428 So.2d 449 (La.1983). This enables the district judge to order a full evidentiary hearing on the matter. State v. Seiss, 428 So.2d 444 (La.1983). Where the record contains evidence sufficient to decide the issue, and the issue is raised on appeal by an assignment of error, the issue should be considered.