NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1312

STATE OF LOUISIANA

VERSUS

H. O.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 129663
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of J. David Painter, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**VACATED AND REMANDED.**

Edward K. Bauman, Attorney at Law
Louisiana Appellate Project
P. O. Box 1641
Lake Charles, LA 70602-1641
COUNSEL FOR DEFENDANT-APPELLEE:
    H. O.

Michael Harson, District Attorney
Alan P. Haney, Assistant District Attorney
Fifteenth Judicial District
Courthouse Building
P. O. Box 3306
Lafayette, LA 70502
COUNSEL FOR APPELLANT:
    THE STATE OF LOUISIANA

**PAINTER, Judge.**

Defendant, H. O.,[1] was adjudicated a habitual offender following his conviction for attempted cruelty to a juvenile.[2] He was sentenced to ten years imprisonment at hard labor. The State appealed, asserting that the trial court sentenced H.O. to an illegally lenient sentence well below the mandatory minimum mandated by La.R.S. 15:529.1. For the reasons that follow, we find an error patent in the habitual offender proceeding that requires the vacation of the sentence and remand for a new habitual offender hearing and resentencing.

### FACTS AND PROCEDURAL HISTORY

On December 14, 2010, Defendant was found guilty of attempted cruelty to a juvenile, a violation of La.R.S. 14:93. He was sentenced to five years at hard labor. Defendant appealed this conviction, and we affirmed it. *See State v. H.O.*, 11-725 (La.App. 3 Cir. __/__/12), ___ So.3d ___.

On January 31, 2011, the State charged Defendant with being a habitual offender, with five prior convictions starting in 1992. He was adjudicated a habitual offender on May 19, 2011, and sentenced to ten years imprisonment at hard labor. On May 20, 2011, the State filed a Motion to Correct Illegal Sentence and a Motion for an Appeal, asserting that the sentence was illegally lenient. On the same date, the trial court granted the State's Motion for an Appeal. On July 28, 2011, the trial court denied the State's Motion to Correct Illegal Sentence.

Finding an error patent in the habitual offender proceeding, we reverse Defendant's habitual offender adjudication, vacate the sentence, and remand the matter to the trial court for further proceedings.

---

[1] In accordance with La.R.S. 46:1844(W), we use the initials of the parties, where necessary, to protect the identity of the victim.

[2] H.O.'s appeal of his conviction for attempted cruelty to a juvenile is also before this court. *See State v. H.O.*, 11-725 (La.App. 3 Cir. __/__/12), ___ So.3d ___. We affirmed that conviction.

DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find an error patent concerning the habitual offender proceeding in that the trial court erred in failing to advise Defendant of his right to remain silent, the right to a hearing, and the right to have the State prove its case at the habitual offender proceeding.

At Defendant's arraignment on the habitual offender bill, Defendant waived formal arraignment and entered a plea of not guilty.

At the habitual offender proceeding, the State introduced into evidence certified copies of Defendant's pleas in district court docket numbers 61819, 79025, 86196, 123859, 126423, and 125838, to prove the existence of Defendant's prior convictions. Then, the following exchange occurred:

BY MR. MCCANN: The Defendant admits the prior convictions.

BY THE COURT: Is that correct, Mr. O?

BY MR. O: Yes, sir.

The State offered no independent evidence or testimony to prove Defendant's identity.

The trial court vacated the underlying sentence and sentenced him to ten years at hard labor. The trial court did not state for the record its finding as to whether Defendant was a second, third, or fourth habitual offender.

In *State v. Roberson*, 94-1570 (La.App. 3 Cir. 11/2/95), 664 So.2d 687, this court reversed a habitual offender adjudication, concluding that the proceeding was not fundamentally fair because the defendant was not advised of his right to remain silent and because the State failed to introduce independent evidence of his identity before he admitted his status as a habitual offender. Although the trial court advised the defendant that he had the right to a trial in which the State would have to prove

beyond a reasonable doubt that he was the person who committed the prior crimes, this court pointed out that the trial court did not advise the defendant of his right to remain silent. Additionally, this court distinguished *State v. Harris*, 95-900 (La. 5/19/95), 654 So.2d 680,[3] because, unlike the affidavit introduced in *Harris*, "[n]o independent evidence or testimony was introduced to prove the defendant's identity." *Roberson*, 664 So.2d at 690.

In *State v. Coleman*, 96-525 (La.App. 3 Cir. 10/7/98), 720 So.2d 381, this court distinguished *Harris* and further concluded that the defendant was not afforded a fundamentally fair hearing. The trial court did not advise the defendant of his right to remain silent or to have the State prove its case. Before the defendant admitted his status as a habitual offender, the trial court stated, "'[R]ather than [having] a hearing on habitual offender, you admit to being a habitual offender . . . .'" *Id*. at 387. No proof other than the defendant's admission was offered to prove his status as a habitual offender.[4]

In this case, Defendant was not advised of his right to remain silent, the right to a hearing, or the right to have the State prove its case, including identity. Defendant did not waive his right to the hearing. No independent evidence was introduced by the State to prove identity except Defendant's stipulation. Additionally, Defendant's stipulation was not part of a plea agreement. Consequently, we find that Defendant was denied a fundamentally fair hearing. Accordingly, Defendant's habitual offender adjudication and enhanced sentence are vacated, and the matter is remanded for a new habitual offender hearing and resentencing.

---

[3] In *Harris*, the supreme court found that the defendant had been given a fundamentally fair hearing even though he had not been advised of his rights because there was no allegation or showing that the admission of identity was involuntary.

[4] In *State v. Quinn*, an unpublished opinion bearing docket number 06-1183 (La.App. 3 Cir. 2/7/07), the trial court failed to advise the defendant of his right to remain silent and to have the State prove the case against him at the multiple offender proceeding. The defendant stipulated that he was the same person convicted of the predicate offenses. The State presented no other evidence concerning the identity of the prior felony offender. This court, following *Roberson,* 664 So.2d 687 and *Coleman*, 720 So.2d 381, vacated the defendant's multiple offender sentence and remanded the matter for resentencing.

*Illegally Lenient Sentence*

The State argues that the ten-year sentence imposed by the trial court was illegally lenient. The State contends that since Defendant has five prior felonies, plus his current conviction of attempted cruelty to a juvenile, the sentence should be no less than twenty years and not more than natural life. La.R.S. 15:529.1(A)(c)(i). However, as discussed above, due to the existence of an error patent in the habitual offender proceedings, we have set aside the habitual offender adjudication, vacated the ten year sentence, and remanded the matter a new adjudication hearing and resentencing. Therefore, we need not address the State's assignment of error as it is moot.

## DECREE

For the foregoing reasons, Defendant's adjudication as a habitual offender is set aside, the ten-year sentence is vacated, and the matter is remanded to the trial court for a new adjudication and resentencing.

**VACATED AND REMANDED.**