GRAVOIS, J.
11 Defendant, Ranell Joseph, takes this out-of-time appeal challenging his convictions on charges of attempted first degree robbery (count one); attempted simple robbery (count two); attempted armed robbery (count three); two counts of armed robbery (counts four and six); and two counts of first degree robbery (counts five and seven). On appeal, defendant’s appointed appellate counsel has filed a brief in conformity with the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] asserting that she has thoroughly reviewed the trial court record and *1017 cannot find any. non-frivolous issues to raise on appeal. Counsel has also filed a motion to withdraw as counsel of record for defendant.
Defendant filed a pro se supplemental brief, arguing eight additional assignments of error, to-wit: 1) the trial court failed to inform defendant that he could withdraw his guilty plea; 2) the trial court failed to allow defendant his right to a fair full trial via withdrawal of his guilty plea; 3) defendant was subjected to ineffective assistance of trial and appellate counsel; 4) defendant was charged via an invalid and non-existent statute; 5) the named statute does not exist as a crime within the Code of Criminal Procedure, nor was it enacted as a crime within the code by the Louisiana legislature; 6) the trial court and district attorney improperly charged petitioner for something not found within the Code of Criminal Procedure as a crime; 7) any errors discovered on the face of the record; and 8) the trial court lacked jurisdiction to impose punishment.
After thorough review, we find no merit to defendant’s pro se assignments of error. Additionally, we find that the record supports appellate counsel’s assertions that the record reveals no non-frivolous assignments of error. ^Accordingly, we affirm defendant’s convictions, and grant the motion to withdraw. Further, based upon our errors patent review, we vacate defendant’s sentence on count two and remand the matter to the trial court for imposition of a determinate sentence on court two in accordance with La. C.Cr.P. Art. 879. We also remand the matter for correction of the Uniform Commitment Order. We further affirm defendant’s remaining ■ sentences on counts one, three, four, five, six, and seven.
FACTS AND PROCEDURAL HISTORY
On October 17, 20Í4, the Jefferson Parish District Attorney charged defendant with two counts of first degree robbery, in violation of La. R.S. 14:64.1 (counts one and six); one count of attempted first degree robbery, in violation of La. R.S. 14:27 and La. R.S. 14:64.1 (count two); two counts of armed robbery, in violation of La. R.S. 14:64 (counts three and five); one count of attempted armed robbery, in violation of La. R.S. 14:27 and La. R.S. 14:64 (count four); and one count of attempted simple robbery, in violation of La. R.S. 14:27 and La. R.S. 14:65 (count seven). Defendant was arraigned on October 23, 2014 and pled not guilty to all charges. On January 5, 2015, defendant filed omnibus motions, including motions to suppress identification, confession, and evidence.
■ On June 15, 2015, a superseding bill of information was filed, charging defendant with the same substantive crimes, but ordering the counts differently and amending the armed robbery counts to include a “tire iron” as a weapon. Defendant was rearraigned on June 22, 2015 and pled not guilty to all.charges.[2]
On June 23, 2015, trial commenced with jury selection; however, the next day, before ■ opening arguments, defendant withdrew his pleas of not guilty and pled guilty to all charges.[3] That same day, the trial judge sentenced defendant to twenty years at hard labor on count one, three and one- *1018 half years on count two, and | stwenty-five years at hard labor without the benefit of probation, parole, or suspension of sentence each on counts three, four, five, six, and seven. The trial judge further ordered all of defendant’s sentences to run concurrently.
On October 6, 2015, defendant filed an application for post-conviction relief, which was denied. On October 8, 2015, defendant filed a pro se motion to withdraw his guilty plea, which was also denied. On December 23, 2015, defendant filed another applicartion for post-conviction relief, seeking an out-of-time appeal, which was granted on January 13, 2016. This appeal follows.
ANALYSIS
Under the procedure adopted by this Court in State v. Bradford, supra, appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed appellate counsel has requested permission to withdraw as counsel of record for defendant.[4]
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of \ ¿Wisconsin, Dist. 1, 486 U.S. 429, 439,108 S.Ct. 1895,1902,100 L.Ed.2d 440 (1988) (quotation omitted).
In State v. Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. An Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after the independent review is conducted, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the *1019 court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel asserts that before defendant changed his plea from not guilty to guilty, he was fully informed of the legal consequences of doing so by both his trial counsel and the trial court. While appellate counsel notes that discovery motions and a motion to suppress evidence were filed, the record does not reflect that either the State or defendant posed any objections that would support a decision from this Court to reject defendant’s guilty plea. Further, appellate counsel contends that in | ^addition to the extensive waiver and plea form filled out by defendant and his trial attorney, an examination of the plea colloquy reveals that the district court was thorough in explaining and assuring that defendant understood the rights he was waiving by pleading guilty. Appellate counsel states that the trial court informed defendant of the sentencing ranges for the offenses in which he was charged and further explained the specific sentence which it would impose on each of the seven counts per the plea agreement. She notes that although defendant filed a motion to withdraw his guilty plea alleging he was coerced by his trial attorney into pleading guilty, appellate counsel contends that there is nothing in the record to support this allegation.
The State responds that the brief filed by appellate counsel shows a conscientious and thorough review of the procedural history of the case, and that appellate counsel has conformed with and followed the procedures set forth in Anders and Jyles, and should be granted permission to withdraw. The State further agrees with appellate counsel that after a careful review of the record, there are no non-frivolous issues to raise on appeal.
An independent review of the record by this Court supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
• Because defendant pled guilty at the commencement of his trial, the facts were not fully developed at a trial. However, during the guilty plea colloquy, the State provided a factual basis for the guilty plea.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified defendant and the crimes charged. See La. C.Cr.P. Arts. 462-466. Further, the minute entries reflect that defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty Inplea, and sentencing. As such, there are no appealable issues surrounding defendant’s presence.
Further, defendant pled guilty in this case. Under both state and federal jurisprudence, it is well settled that an unqualified guilty plea waives all non-jurisdictional defects occurring prior thereto, and precludes review of such defects by appeal. State v. Johnson, 08-449 (La.App. 5 Cir. 12/16/08), 3 So.3d 17, 19, writ denied, 09-787 (La. 12/18/09), 23 So.3d 932. Here, defendant entered an unqualified guilty plea, and therefore, all non-jurisdictional defects were waived. Defendant did not preserve any rulings for appeal under State v. Crosby, 338 So.2d 584 (La. 1976).
 Although defendant filed pre-trial motions, the record does not reflect any rulings on those motions. When a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, *1020 1102. Here, defendant did not object to the trial court’s failure to hear or rule on his pre-trial motions prior to his guilty plea.
Next, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
A review of the record reveals no constitutional infirmity in defendant’s guilty plea. The record shows that defendant was aware of the charges against him. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by Boykin v. Alabama, 393 U.S. 820, 89 S.Ct. 200, 21 L.Ed.2d 93 (1968). Defendant signed the waiver of rights form indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood that he was waiving these rights.
During his guilty plea colloquy, defendant stated that no promises or threats were made to encourage him to plead guilty. Defendant also indicated during the guilty plea colloquy that he understood that his guilty pleas could be used to enhance penalties for any future convictions. He was informed during the colloquy and by means of the waiver of rights form of the maximum and minimum sentences that he faced and of the actual sentences that would be imposed if his guilty pleas were accepted. After the colloquy with defendant, the trial court accepted defendant’s pleas as knowingly, intelligently, and voluntarily made.
With regard to defendant’s sentences, La. C.Cr.P. Art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. The record shows that defendant’s sentences were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea. It is also noted that defendant’s sentences fall within the sentencing ranges prescribed by the various statutes. See La. R.S. 14:27, La. R.S. 14:64, La. R.S. 14:64.1, and La. R.S.14:65. Moreover, defendant’s plea agreement was beneficial to him in that he received midrange sentences for his armed robbery and first degree robbery convictions, and the State agreed not to file a habitual offender bill of information against him. See La. R.S. 14:64(B) and La. R.S. 14:64.1(B).
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that her review of the trial court proceedings did not identify any basis for a non-frivolous appeal, and an independent review of the record by this Court | ssupports counsel’s assertion, appellate counsel’s motion to withdraw as attorney of record for defendant is granted.
Defendant raises eight assignments of error in his supplemental brief, which are addressed below.
PRO SE ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO

Withdrawal of guilty plea

In these pro se assignments of error, defendant argues that the trial court, during and after sentencing, failed *1021 to inform him that he could withdraw his guilty plea and receive a full, fair trial. He not only claims that he was threatened and coerced into pleading guilty, but “places on record” that he is actually innocent of the crimes of which he was convicted. It appears that because defendant put his claim of innocence “on record,” and wishes to go to trial, he argues that the court must hold an inquiry and allow his constitutional right to a full, fair trial and to withdraw his plea. He contends that his guilty plea, which is essentially a contract between him and the State, was a result of coercion, rendering it a legal nullity that cannot be enforced. Further, he avers that because his request to withdraw his guilty plea was denied, his rights to due process and equal protection were violated, he was subjected to cruel and unusually excessive punishment, and he was denied proper access to the courts.
Although defendant argues that the trial court failed to inform him that he could withdraw his guilty plea, in the instant matter, defendant actually filed a pro se motion to withdraw his plea of guilty, as previously noted. In his motion, filed on October 8, 2015, after sentencing, defendant argued that he was coerced by his attorney into pleading guilty and that the State could not have carried its burden of proof beyond a reasonable doubt. At the hearing on' the motion, the State argued that it could have carried its burden of proof, which ultimately would have been an issue for the jury, which defendant waived by pleading guilty. Additionally, the IsState pointed out that defendant alleged no facts in regard to how he was forced or coerced; he signed a constitutional waiver of rights form and indicated in the colloquy that his plea was knowing and voluntary. The trial court denied the motion.
Under La. C.Cr.P. Art. 559(A), the trial court may permit a defendant to withdraw his guilty plea at any time before he is sentenced. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, supra. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[5] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
Generally, a denial of a motion to withdraw a guilty plea will not be reversed on' appeal if the record clearly shows that the defendant was informed of his rights and the consequences of his plea and that the plea was entered into voluntarily. State v. Kron, 07-1024 (La.App. 5 Cir. 3/25/08), 983 So.2d 117, 120, writ denied, 08-813 (La. 10/24/08), 992 So.2d 1039. A mere change of heart or mind by the defendant as to whether he made a good bargain will not ordinarily support allowing the withdrawal of a bargained guilty plea. Id. Without fraud, intimidation or incompetence of counsel, a guilty plea is not made less voluntary or informed by the considered advice of counsel. Id.
As previously noted, a review of the record reveals no constitutional infirmity in defendant’s guilty plea. Importantly, during his guilty plea colloquy, defendant indicated that his guilty pleas were knowing, intelligent, free and voluntary, and no promises or threats were made to encourage him to plead guilty. Nothing in the record supports defendant’s claim that he was coerced. He alleges | inno specific facts to support his claim. Further, the record belies his claim of coercion because he *1022 answered negatively when questioned on that point by the trial judge during the plea colloquy.[6] These assignments of error are without merit.
PRO SE ASSIGNMENT OF ERROR NUMBER THREE

Ineffective assistance of trial and appellate counsel

In this pro se assignment of error, defendant first argues that his trial counsel was ineffective because he failed to call the “alleged victims ... as material witnesses to attest to the fact that he was not the culprit sought in these robbery sprees.” He contends that his trial counsel’s obligation to conduct reasonable investigations, such as getting witnesses to trial, is related to the sentencing phase. He further argues that his appellate counsel was ineffective because she stated that no arguable claim existed. It appears defendant also claims the appellate record is somehow deficient because his counsel did not raise the “proper objections to institute a sufficient record to base an appeal upon.” In arguing that there are clearly non-frivolous issues to raise on appeal, defendant claims that “one lawyer will not admonish another upon record” according to an “unspoken rule or secret oath.”
Defendant first argues that his trial counsel was ineffective by failing to call witnesses at his trial although he pled guilty. The Louisiana Supreme Court has held that generally a claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief rather than on direct appeal, to afford the parties an opportunity to make an adequate record for review. State v. Truitt, 500 So.2d 355 (La. 1987). However, if the appeal record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the | n interest of judicial economy. State v. Armstead, 07-741 (La.App. 5 Cir. 2/6/08), 980 So.2d 20, 24, writ denied, 08-601 (La. 10/3/08), 992 So.2d 1010. In this case, the record contains sufficient evidence to review the claims.
The Sixth Amendment to the United States Constitution and Article I, Section 13, of the Louisiana Constitution safeguard a defendant’s right to effective assistance of trial counsel. According to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant asserting an ineffectiveness claim must show (1) that defense counsel’s performance was deficient and (2) that the deficiency prejudiced the defendant. The defendant has the burden of showing “that there is a reasonable probability that but for counsel’s unprofessional errors, the results of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
In the instant case, defendant was informed that by pleading guilty, he was waiving his right to a trial where witnesses could be called. Defendant chose to plead guilty; he expressly waived his right to a trial. Nevertheless, even if this matter had gone to trial, the election to call or not to call a particular witness is a matter of trial strategy and is not per se evidence of ineffective assistance of counsel. State v. Washington, 00-1312 (La.App. 5 Cir. 5/16/01), 788 So.2d 596, 607, writ denied, 01-1718 (La. 5/3/02), 815 So.2d 94. Accordingly, defendant has not shown that his trial counsel was ineffective in this regard.
*1023 Defendant also contends that his appellate counsel was ineffective for failing to raise any issues on appeal. However, this claim is moot, as defendant has in fact raised alleged errors himself in his pro se supplemental brief. State v. Kent, 15-323 (La.App. 5 Cir. 10/28/15), 178 So.3d 219, 232 (citing State v. Roberson, 94-1570 (La.App. 3 Cir. 11/2/95), 664 So.2d 687, 692). Further, defendant’s pro se assignments of error have been reviewed herein and have been found to be without merit. “In the appellate context, the [Strickland ] prejudice prong first requires a [ ^showing that we would have afforded relief on appeal.” Roberson, supra (citing United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000)). Thus, because there do not appear to be any non-frivolous errors that would afford relief on appeal, and defendant’s pro se assignments of error have not been shown to have merit, defendant cannot establish prejudice. See Roberson, supra. In light of the foregoing, we decline to find that defendant’s appellate counsel was ineffective for filing an Anders brief. This assignment of error is without merit.
PRO SE ASSIGNMENTS OF ERROR NUMBERS FOUR, FIVE, SIX and EIGHT[7]

Invalid charges

In these pro se assignments of error, defendant argues that the trial court and district attorney charged him with an invalid statute for crimes that do not exist. Although he maintains his actual innocence, he nevertheless claims that he was improperly charged with attempted first degree robbery, attempted simple robbery, and attempted armed robbery because these crimes do not exist in the criminal code. It appears defendant concludes that attempted first degree robbery, attempted simple robbery, and attempted armed robbery are not crimes because there is not one single statute that labels them as such. He claims that the State improperly created a new crime by combining two statutes to make and define one act. He points to La. R.S. 14:50.1,[8] which he states specifically provides the element of “attempt” in the title of the statute to support his argument that if the legislature intended to make attempted armed robbery, etc., a crime, it would have done so under one statute.
Defendant further argues that a trial court only has jurisdiction to impose punishment where an individual’s actions can be “described as a crime under a single customary statute or citation within the code of criminal procedure.” He | ^further asserts that if an individual’s actions cannot be described in the criminal code under a “single customary statute or citation, then punishment cannot be imposed for something that is not a crime, and the court lacks jurisdiction to impose any sanctions of punishment.” Therefore, it appears that because defendant argues that the crimes for which he was charged do not fall under a single statute, in his case, the trial court did not have jurisdiction to impose punishment.
In this case, defendant was charged with and subsequently pled guilty to one count of attempted first degree robbery, in violation of La. R.S. 14:27 and La. R.S. 14:14:64.1 (count one); one count of attempted simple robbery, in violation of La. *1024 R.S. 14:27 and La. R.S. 14:65 (count two); one count of attempted armed robbery in violation of La. ■ R.S. 14:27 and La. R.S. 14:64 (count three); two counts of armed robbery, violations of La. R.S. 14:64 (counts four and six); and two counts of first degree robbery, violations of La. R.S. 14:64.1 (counts five and seven). Defendant’s argument about the validity of the statutes he was charged - under is misplaced. La. R.S. 14:27(C) provides in pertinent part that “an attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime.”[9] Accordingly, we find that defendant was charged under valid statutes. Additionally, under the Louisiana Constitution, a district court has original jurisdiction of all criminal matters and exclusive original jurisdiction of felony cases. See La. Const. Art. Y, § 16(A).' La. C,Cr.P. Art. 16 provides that courts have the jurisdiction and powers over criminal proceedings that are conferred upon them by the constitution and statutes of this State. Defendant’s arguments that the trial court lacked jurisdiction to impose sentence are without merit. These assignments of error are without merit.
[^ERRORS PATENT REVIEW
Defendant requests an errors patent review, both in the brief filed by appellate counsel and in his pro se supplemental brief (Pro Se Assignment of Error Number Seven). This Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. Art. 920, State v. Oliveaux, 312 So.2d 337 (La. 1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990), regardless of whether the defendant makes such a request.
La. R.S. 14:65 provides that the term of imprisonment for simple robbery shall be “with or without hard labor for not more than seven years.” Although the commitment reflects that defendant’s sentence on count two (attempted simple robbery) was imposed at hard labor, the transcript does not reflect that the judge ordered that the sentence on count two would be imposed at hard labor or provided that the sentence would be served with the Department of Corrections.[10] Generally, where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983). Where, as in this case, the applicable sentencing statute allows discretion, the sentencing court’s failure to indicate whether the sentence is to be served at hard labor is an impermissible, indeterminate sentence. State v. Horton, 09-250 (La.App. 5 Cir. 10/27/09), 28 So.3d 370, 376-77; State v. Norman, 05-794 (La. App. 5 Cir. 3/14/06), 926 So.2d 657, 661, writ denied, 06-1366 (La. 1/12/07), 948 So.2d 145. Thus, we are constrained to vacate defendant’s sentence on count two and remand the matter to the trial court for the imposition of a determinate sentence in accordance with La. C.Cr.P. Art. 879,
Additionally, it is noted that the Uniform Commitment Order incorrectly reflects only one offense date. Here, howev *1025 er, the record indicates that defendant | ^committed six offenses on August 29, 2014, and one offense on August 30, 2014. In order to ensure an accurate record, we remand this matter for correction of the Uniform Commitment Order to reflect the correct offense dates of August 29, 2014 and August 30, 2014, respectively. See State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142. Further, we direct the Clerk of Court for the 24th Judicial District Court to .transmit the original of the corrected Uniform.Commitment Order to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ Legal Department. La. C.Cr.P. Art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La. 9/15/06), 937 So.2d 846.
CONCLUSION
For the foregoing reasons, defendant’s convictions on all counts are affirmed. Appellate counsel’s motion to withdraw as counsel of record for defendant is granted. Further, defendant’s sentence on count two is vacated and the matter is remanded to the trial court for imposition of a determinate sentence on count two in accordance with La. C.Cr.P. Art. 879. Defendant’s remaining sentences on counts one, three, four, five, six, and seven are affirmed. The matter is also remanded for correction of the Uniform Commitment Order, as noted above.
CONVICTIONS AFFIRMED; SENTENCES ON COUNTS ONE, THREE, FOUR, FIVE, SIX, AND SEVEN AFFIRMED; SENTENCE ON COUNT TWO VACATED; REMANDED FOR RESENTENCING ON COUNT TWO AND FOR CORRECTION OF UNIFORM COMMITMENT ORDER; MOTION TO WITHDRAW GRANTED

. In Bradford, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

. Additionally, on June 22, 2015, the superseding bill of information was amended to change the victim and offense date on count one.

. The record contains a nunc pro tunc corrected commitment. The entry corrects the commitment to read “The Defendant pled GUILTY as opposed to “was found . Guilty (Emphasis as found in the original.)

. On May 14, 2016, this Court sent defendant a letter by certified mail informing him that on May 4, 2016, an Anders brief had been filed on his behalf and that he could file a pro se supplemental brief by June 2, 2016, if he so desired. Defendant requested additional time within which to file a supplemental brief, which this Court granted. Defendant's supplemental brief was timely filed on October 18, 2016.

. Boykin v. Alabama, supra.

. Appellate counsel noted that although defendant filed a motion to withdraw his guilty plea alleging he was coerced by his trial attorney into pleading guilty, appellate counsel contended that there was nothing in the record to support this allegation.

. Pro se assignments of error numbers five, six, seven, and eight are discussed together as they are related.

. La. R.S. 14:50.1 provided for the imposition of an enhanced sentence for any person convicted of the perpetration or attempted perpetration of certain enumerated crimes against a victim sixty-five years of age or older. It was repealed by Acts 2008, No. 220, § 13, effective June 14, 2008.

. Defendant misinterprets the applicable law; moreover, the statute upon which he relies to draw his conclusion, La. R.S. 14:50.1, has, as noted above, been repealed,

.. It is also noted that during the guilty plea colloquy,- the record reflects that the trial judge stated that defendant’s sentence on count two would be served "at hard labor"; however, this Court has previously only considered the sentence imposed during sentencing even in the case of, a discrepancy between sentencing and the guilty plea colloquy. See State v. Lee, 15-108 (La.App. 5 Cir. 6/30/15), 171 So.3d 1214, 1218, writ denied, 14-2265 (La, 8/28/15), 175 So.3d 963; see also State v. Lommasson, 11-536 (La.App. 5 Cir. 11/29/11), 81 So.3d 796.